AO 93 (Rev. 11/13) Search and Seizure Warrant

# United States District Court
### for the
### Western District of New York



In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address.)*

The Cellular Towers Owned by Cellco Partnership,
DBA Verizon Wireless, that provided cell site location
Information and any other relevant information for
telephone number 845-521-9184

19-MJ- 4168

## SEARCH AND SEIZURE WARRANT

To:     Any authorized law enforcement officer

    An application by a federal law enforcement officer or an attorney for the government requests the search of the following premises located in the Western District of New York *(identify the person or describe the property to be searched and give its location)*:  The Cellular Towers Owned by Cellco Partnership, DBA Verizon Wireless, that provided cell site location information and any other relevant information for telephone number 845-521-9184.

    I find that the affidavit(s), or any recorded testimony, establish probable cause to search and seize the person or property described above, and that such search will reveal *(identify the person or describe the property to be seized)*:

    See Attachment A.

    **YOU ARE COMMANDED** to execute this warrant on or before _November 29, 2019_
                                                                      *(not to exceed 14 days)*
    ☐   in the daytime 6:00 a.m. to 10:00 p.m.     ☒   at any time in the day or night because good cause has been established.

    Unless delayed notice is authorized below, you must give a copy of the warrant and receipt for the property taken to the person from whom, or from whose premises, the property was taken, or leave the copy and receipt at the place where the property was taken.

    The officer executing this warrant, or an officer present during the execution of the warrant, must prepare an inventory as required by law and promptly return this warrant and inventory to Hon. ~~Jonathan W. Feldman~~.
                                                                      MARIAN W PAYSON

    ☒ Pursuant to 18 U.S.C. § 3103a(b), I find that immediate notification may have an adverse result listed in 18 U.S.C. § 2705 (except for delay of trial), and authorize the officer executing this warrant to delay notice to the person who, or whose property, will be searched or seized *(check the appropriate box)*

    ☒ for _60_ days *(not to exceed 30)*.     ☐ until, the facts justifying, the later specific date of _____.


Date and time issued:  _November 15, 2019, at 11:55 am_     _Marian W Payson_
                                                                      *Judge's signature*
City and State:        _Rochester, New York_               Marian W. Payson, U.S. Magistrate Judge
                                                                      *Printed name and Title*

AO 93 (Rev. 11/13) Search and Seizure Warrant (Page 2)

## Return

| Case No.: 19MJ-4168 | Date and time warrant executed: 11/17/19 1200 | Copy of warrant and inventory left with: |
|---|---|---|

Inventory made in the presence of:
SA Kevin Adams / TFO Nick Mazzolo

Inventory of the property taken and name of any person(s) seized:

Electronic Pings sent to FBI

## Certification

I declare under penalty of perjury that this inventory is correct and was returned along with the original warrant to the designated judge.

Date: 12/2/19

_Executing officer's signature_

TFO N Mazzolo

_Printed name and title_

# ATTACHMENT A

## I.   The Account

The Search Warrant applies to records and information associated with the cellular telephones assigned call number:

      a.  845-521-9184 ("TARGET CELL TELEPHONE").

## II.   Records and Other Information to be Disclosed

Cellco Partnership DBA Verizon Wireless is required to disclose the following records and other information, if available, to the United States for the Account listed in Part I of this Attachment.

A.  For a time period of 30 days following the execution of this Search Warrant, provide location-based services (e.g. precision data to include true call data, timing advance data, and per-call measurement data.)

## III.   Records and Other Information to be Disclosed

All information described above in Section II that constitutes evidence of violations of Title 18 U.S.C. § 2252A(a)(2)(A), distribution of child pornography in interstate or foreign commerce by computer and Title 18 U.S.C. § 2261A(2)(B), cyber stalking.

## ADDENDUM TO SEARCH WARRANT
## SEARCH OF COMPUTERS

1.      The computer or electronic media search authorized by this warrant shall be completed within 60 days from the date of the warrant unless, for good cause demonstrated, such date is extended by Order of this Court.

2.      In conducting the search authorized by this warrant, the government shall make reasonable efforts to utilize computer search methodology to search only for files, documents or other electronically stored information which are identified in the warrant itself.

3.      Should the government not locate any of the items specified in the warrant (or other fruits, contraband, instrumentalities, or property subject to forfeiture) within the authorized search period (including any extensions granted), the government shall return the computer or electronic media to the owner.

4.      In any circumstance not covered by paragraph three (3) above, upon completion of the search, the government, upon request of the owner of the computer, shall promptly return to the owner of the computer copies of all files and documents requested and specified by the owner, excluding any items or files seized pursuant to the warrant or other fruits, contraband, instrumentalities or property subject to forfeiture.

5.      If electronically stored data or documents have been identified by the government pursuant to this warrant, or other fruits, contraband, instrumentalities or property subject to forfeiture, the government may retain the original hard drive or other data storage mechanism pending further order of this Court.  The retention of the original hard drive or other data storage mechanism does not relieve the government of its obligation to return to the owner of the computer files, documents or other electronically stored information identified in paragraph (4) above.

6.      Nothing in this warrant shall limit or prevent the government from retaining the computer or electronic media as fruits, contraband or an instrumentality of a crime or commencing forfeiture proceedings against the computer and/or the data contained therein. Nothing in this warrant shall limit or prevent the owner of the computer or electronic media from (a) filing a motion with the Court pursuant to Rule 41(g) of the Federal Rules of Criminal Procedure for the Return of Property or (b) making a request of the government to return certain specified files, data, software or hardware.

7.      Should there be a dispute or question over ownership of any computer or any electronically stored data or documents stored therein, the government shall promptly notify this Court so that such dispute or question can be resolved.